MICHEL J. ROUHANI (CSBN 161194)
LAW OFFICES OF MICHEL J. ROUHANI
2005 De La Cruz Boulevard, Suite 165
Santa Clara, CA 95050
Telephone: (408) 275-1919
Facsimile: (408) 235-7611
E-Mail: mrouhani@aol.com

Attorneys for Creditor,
SHAMIREH KASPARI

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MASHHADI M. BEHDAD<br>and SABINA S. ZAEIMIAN,<br><br>Debtors. | Case No. 09-60358-SLJ<br><br>Chapter 13<br><br>**OPPOSITION TO DEBTORS'<br>OBJECTION TO CLAIM NO. 19 AND<br>REQUEST FOR HEARING** |

SHAMIREH KASPARI, Creditor herein, hereby opposes the Debtors' Objection to Claim No. 19 as follows:

1. The Debtors are indebted to the Creditor as set forth in Claim No. 19.

2. On or about September 3, 2007, Creditor and Debtors entered into a written contract for the sale by Creditor and purchase by Debtors of a coin-operated laundry business known as "Scotty's Cleaning" in Sunnyvale, California. A true and correct copy the contract is attached to Claim No. 19.

3. The contract price was $340,000. Creditor provided partial seller-financing by carrying a $50,000 loan, at eight percent interest, secured by the assets of the business.

4. Escrow closed on or about October 18, 2007.

5. Creditor's security interest was perfected by the filing of a UCC Financing Statement, Document No. 15126130003, Filing No. 07-7139640087, filed on 12/10/2007 with the

In re                                Case No. 09-60358-SLJ                              Page 1
Behdad/Zaeimian  OPPOSITION TO DEBTORS' OBJECTION TO CLAIM NO. 19 AND REQUEST FOR HEARING
Case: 09-60358    Doc# 62    Filed: 09/20/11    Entered: 09/20/11 17:27:46    Page 1 of 2

California Secretary of State. A true and correct copy the Financing Statement is attached to Claim No. 19.

6. The Financing Statement lists debtors as (1) "Scotty's Cleaning", a "Sole Prop", and (2) "MBZ Corporation". Creditor is informed and believes that Scotty's Cleaning was a sole proprietorship of the Debtors when the Financing Statement was filed. Therefore, Creditor's security interest was perfected against Debtors.

7. Debtors have failed and refused to pay Creditor a principal balance of $50,000 plus interest.

8. Debtors filed the above-captioned case on or about November 25, 2009. Debtors did not list Creditor as a creditor in their bankruptcy petition or schedules, nor did they give Creditor notice of their bankruptcy proceedings.

9. Debtors did not inform Creditor of their bankruptcy until August 24, 2011, during a conversation between Creditor's State Case counsel, Victor Simon, and Debtors' State Case counsel, Christopher K. Jafari.

10. It would be inequitable to proscribe Creditor's right to file a proof of claim after the bar date when Debtors' omission of the Creditor on their filings and creditor matrix resulted in the Creditor not receiving notice of the deadline to file proofs of claims.

11. Additionally, Debtors' failure to list Creditor in their petition and schedules in time to permit Creditor to file a proof of claim renders the debt non-dischargeable under 11 U.S.C. §1328(a)(2) pursuant to 11 U.S.C. §523(a)(3).

WHEREFORE, Creditor prays that the within matter be set for hearing following sufficient time to conduct discovery, that the Claim be allowed, and for such other and further relief as the Court deems just and proper.

Dated: September 20, 2011                LAW OFFICES OF MICHEL J. ROUHANI

                                         /s/ Michel J. Rouhani
                                     By: _____
                                         MICHEL J. ROUHANI
                                         Attorneys for Creditor
                                         SHAMIREH KASPARI